T.C. Summary Opinion 2007-82


UNITED STATES TAX COURT


RICHARD MARK HILTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3588-06S.                 Filed May 24, 2007.


Richard Mark Hilton, pro se.

<u>Matthew A. Houtsma</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Pursuant to section 7463(b), the decision to be

entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined for 2003 a deficiency in petitioner's Federal income tax of $26,416 and a section 6662(a) accuracy-related penalty of $5,283.

After concessions,[1] the issues for decision are: (1) Whether petitioner failed to report as income a distribution from an individual retirement account (IRA) in 2003, (2) whether petitioner received cancellation of indebtedness income in 2003, and (3) whether petitioner is liable for a section 6662(a) accuracy-related penalty.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Boulder, Colorado.

Petitioner and his spouse filed jointly for 2003, a Form 1040, U.S. Individual Income Tax Return.

---

[1]Respondent concedes that the distribution of $4,272 from petitioner's Medical Savings Account in 2003 is not includable as income because petitioner substantiated that the distribution was spent on medical expenses. Petitioner concedes that the distribution of $22,000 from a traditional IRA managed by Gabelli Asset Fund in 2003 is income. Petitioner also concedes that the distribution of $22,000 is subject to a 10-percent additional tax under sec. 72(t)(1) for early withdrawal.

On May 28, 2003, petitioner received a distribution of $50,000 from a traditional IRA managed by Franklin Templeton Bank & Trust (distribution). On October 24, 2003, petitioner deposited approximately $41,000 of the $50,000 May distribution back into the same Franklin Templeton account. Petitioner did not include any of the distribution as income on the return.

In 2003, petitioner had $2,136 of debt canceled by American Express Centurion Bank (American Express). Petitioner did not include the amount of the canceled debt as income on the return.

Respondent subsequently issued to petitioner and his spouse a statutory notice of deficiency for 2003, determining that they failed to include in their income the distribution and the amount of the canceled debt. Respondent also determined that the distribution was subject to a 10-percent additional tax under section 72(t) for early withdrawal. Respondent indicated on the deficiency notice that the proposed changes to income would reduce the amount of itemized deductions on Schedule A, Itemized Deductions, and the claimed child tax credits.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[2]  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Tax deductions are a matter of legislative grace with the taxpayer bearing the burden of proving entitlement to the deductions claimed.  Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

### Whether the Distribution Is Includable in Income

Generally, any amount "paid or distributed out of" an IRA is includable in gross income in the year received.  Sec. 408(d)(1).

Petitioner asserts that the distribution is not income, arguing that the distribution is a "loan-type situation" permitted under the Code and by the Internal Revenue Service for self-employed individuals.  Petitioner claims that his "intent" was to borrow from the IRA for his business venture and to repay the IRA at a later date.

Respondent argues that the distribution is income because petitioner did not roll the distribution into an eligible IRA within 60 days from receipt as required by section 408(d)(3)(A). The Court agrees with respondent.

---

[2]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations.  This Court concludes that sec. 7491 does not apply because petitioner has not produced any evidence that establishes the preconditions for its application.

Pursuant to section 408(d)(3), a distribution to the individual for whose benefit an IRA is maintained is excluded from gross income if the entire amount is paid into an IRA, an individual retirement annuity, or an eligible retirement plan for the benefit of the same individual within 60 days.

Petitioner concedes that he knew that there is a 60-day requirement to make a nontaxable rollover. Petitioner testified that his intent, however, was not to roll over the distribution. Petitioner wanted to transfer the distribution into a type of retirement investment that would permit him to take the funds out as a loan and not as a taxable distribution.

Regardless of petitioner's intent, the distribution is treated as income unless it complies with the 60-day rollover requirement under section 408(d)(3)(A) or with another exception enumerated under section 408(d). It was approximately 5 months from petitioner's receipt of the distribution before he deposited $41,000 of the original $50,000 distribution into an IRA. The distribution is income because petitioner did not make a rollover into an IRA of any of the distribution within the 60-day period required by section 408(d)(3)(A), and no other exceptions apply.

Moreover, the distribution is subject to a 10-percent additional tax under section 72(t)(1) for early withdrawal since petitioner stipulated that none of the exceptions under section 72(t)(2) applies.

Cancellation of Indebtedness Income

Gross income includes income from the cancellation of indebtedness. Sec. 61(a)(12). Respondent contends that petitioner had cancellation of indebtedness income of $2,136 from American Express.

Petitioner claims that there was no cancellation of debt because the debt was already paid. He contends that American Express made a miscalculation, implying that the cancellation was actually a correction to his account. Petitioner, however, failed to offer any evidence to show that the debt was paid. There is also no evidence that any of the exclusions under section 108(a)(1) applies.

Therefore, petitioner had cancellation of indebtedness income of $2,136 in 2003.

Section 6662(a) Accuracy-Related Penalty

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a). Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax. See sec. 6662(b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to

substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" includes an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs. The Commissioner bears the burden of production. Sec. 7491(c).

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id. Reliance on the advice of a professional tax adviser does not necessarily demonstrate reasonable cause and good faith. Id.

For a taxpayer to rely reasonably upon advice so as to negate a section 6662(a) accuracy-related penalty determined by the Commissioner, the taxpayer must prove by a preponderance of the evidence that the taxpayer meets all of the following requirements: (1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer

- 8 -

provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment.  See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002); Ellwest Stereo Theatres, Inc. v. Commissioner, T.C. Memo. 1995-610.

Petitioner testified that he sought informal tax advice from a Mr. Randolph, ostensibly a tax professional, at the time he received the distribution.  Petitioner, however, did not call Mr. Randolph as a witness, nor did he introduce evidence which would allow the Court to evaluate Mr. Randolph's expertise.  Petitioner has not established that Mr. Randolph was a competent professional who had sufficient expertise and information to justify reliance.

Petitioner substantially understated his tax liability for 2003, since the understatement exceeded the greater of 10 percent of the tax required to be shown on the return or $5,000.  The Court concludes that respondent has produced sufficient evidence to show that the accuracy-related penalty under section 6662 is appropriate.  Nothing in the record indicates petitioner acted with reasonable cause and in good faith.  Respondent's

determination of an accuracy-related penalty under section 6662(a) is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>under Rule 155</u>.